Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7463 | **DATE** | November 14, 2011 |
| **CASE TITLE** | Michael J. Fulgham (#2011-0729100) v. Officer T. Bailey, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of incarceration is authorized to deduct $4.40 from Plaintiff's trust fund account and to continue making deductions in accordance with this order. The clerk shall mail a copy of this order to the trust fund office at the Cook County Jail. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint in accordance with this order. The clerk shall forward to Plaintiff an amended civil rights complaint form. Plaintiff's failure to comply will result in the dismissal of this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff Michael Fulgham, Cook County Jail detainee #2011-0729100, has filed this 42 U.S.C. § 1983 suit against Cook County Jail Officer Bailey and Sheriff Tom Dart. Plaintiff alleges that Officer Bailey denied Plaintiff access to the jail's library on one occasion when Plaintiff was preparing an appeal for another case.

Plaintiff's *in forma pauperis* ("IFP") application demonstrates that he cannot prepay the filing fee. His IFP motion is granted. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $4.40. The trust fund officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Although Plaintiff may proceed IFP, preliminary review of his complaint reveals that it cannot proceed as currently drafted. *See* 28 U.S.C. § 1915A. Plaintiff states that he was denied access to the jail's law library on one occasion. However, the right of access to the courts does not include a right to unfettered access to a facility's library. To allege a denial of access to the courts claim, Plaintiff must state, at a minimum, the prejudice he suffered, i.e., that the lack of access to legal materials adversely affected a legitimate legal challenge to a conviction or to the conditions of his confinement. *See Pratt v. Tarr*. 464 F.3d 730, 732 (7th Cir. 2006). Although Plaintiff

**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

states that he was in the process of preparing an appeal in another case, he does not state that he was prejudiced, i.e., that he was unable to file his appeal timely and his appeal was dismissed or that he was unable to submit documents with his appeal that adversely affected the outcome of his case.. Allegations of a one-time denial of access to the library is insufficient to state a claim.

      Accordingly, the Court dismisses Plaintiff's current complaint without prejudice to Plaintiff submitting an amended complaint that states a valid claim. The clerk shall forward an amended complaint form to Plaintiff. If he submits an amended comaplint, Plaintiff must submit a judge's copy and a service copy for each Defendant. Also, the Court advises Plaintiff that an amended complaint replaces a previously filed complaint and must stand complete on its own. The Court will refer only to the amended complaint to determine what claims he is raising and which parties he is suing as defendants. Therefore, Plaintiff must include in the amended complaint all of the claims he seeks to raise and name all of the defendants he seeks to sue in this case.

      To proceed with this case, Plaintiff must submit an amended complaint in accordance with this order. Failure to comply with this order within 30 days will result in dismissal of the case.

      Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).